UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALBERT ALHADEFF, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No.: SACV 21-00395-CJC (KESx)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. 23] |

## I. INTRODUCTION & BACKGROUND

In this putative class action, Plaintiff Albert Alhadeff alleges that Defendant Experian Information Solutions, Inc. violated the Florida Security of Communications Act ("FSCA"), Fla. Stat. Ann. § 934.01, *et seq.*, by using "session replay" software to monitor and record his interactions with its website, specifically his "mouse clicks and

movements, keystrokes, search terms, information inputted by [him], pages and content viewed by [him], scroll movements, and copy and paste actions." (Dkt. 18 [First Amended Complaint, hereinafter "FAC"] ¶¶ 26, 35, 72–85.) Before the Court is Defendant's motion to dismiss Plaintiff's FAC under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 23 [hereinafter "Mot."].) For the following reasons, Defendant's motion is **DENIED**.[1]

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 7, 2021, at 1:30 p.m., is hereby vacated and off calendar.

## III. ANALYSIS

The FSCA—the state analog to the federal Wiretap Act—prohibits the interception of electronic communications unless both parties have consented. *Carrese v. Yes Online Inc.*, 2016 WL 6069198, at *9 (C.D. Cal. Oct. 13, 2016). Defendant argues that Plaintiff's FSCA claim should be dismissed because Plaintiff has not plausibly alleged that Defendant "intercepted" the "contents" of any communications, or "used" them within the meaning of the statute.

### A. "Interception"

Plaintiff alleges that, "during one or more of Plaintiff's visits to Defendant's website, Defendant utilized at least one session replay script to contemporaneously intercept the substance of Plaintiff's electronic communications with Defendant's website, including mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, pages and content viewed by Plaintiff, and scroll movements, and copy and paste actions." (FAC ¶ 35; *see id.* ¶¶ 15, 80.)

Defendant first argues that Plaintiff's FSCA claim fails because Defendant never "intercept[ed]" any communications. (Mot. at 4–7.) The FSCA makes it unlawful to "[i]ntentionally intercept[ ], endeavor[ ] to intercept, or procure[ ] any other person to intercept or endeavor to intercept any wire, oral, or electronic communication." Fla. Stat. Ann. § 934.03(1)(a). "Intercept" in the statute "means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 934.02(3).

Defendant argues that it did not "intercept" any communication within the meaning of the FSCA because the communication was made directly to Defendant. (Mot. at 4.)

But it is not necessarily true that the interceptor of a communication must be some third party, not a party to the communication itself. *See Carrese*, 2016 WL 6069198, at *9 ("With respect to whether the interception must be performed by a third party, the Court concludes that it does not."). Rather, Florida courts have explained that by requiring the consent of *both* parties to record, rather than just one (like the federal Wiretap Act), the FSCA "strongly implies that the legislature intended to allow each party to a conversation to have an expectation of privacy from interception by the other party." *State v. News-Press Pub. Co.*, 338 So. 2d 1313, 1316 (Fla. Dist. Ct. App. 1976). Indeed, one party to a conversation who is recorded by another party without his consent may take action. *See State v. Tsavaris*, 394 So. 2d 418, 421 (Fla. 1981) (answering in the affirmative the question, "Does the recording of a conversation by one of the participants constitute the interception of a wire or oral communication within the meaning of [the FSCA]?").

Here, Plaintiff alleges that Defendant—another party to the interaction—recorded Plaintiff's part of the conversation. At this stage, this allegation is sufficient to allege "interception" as Florida courts have interpreted the FSCA.[2]

### B.     "Contents"

Defendant next argues that Plaintiff's claim under the FSCA fails because even if Defendant intercepted communications, Defendant did not intercept the "contents" of any communication. (Mot. at 7–10.) The FSCA prohibits the intentional use or disclosure of the "contents" of any electronic communication that were obtained through the interception of the electronic communication. Fla. Stat. Ann. § 934.03(1)(c)–(e). The

---

[2] Defendant also argues that Plaintiff's interactions with Defendant's website "were not secretly recorded" as "it has long been widely known that consumer websites often rely on session replay software that collects detailed information about website visits." (Mot. at 6–7.) Defendant's argument goes beyond the allegations of Plaintiff's FAC and can be raised more appropriately on summary judgment.

term "contents" in the statute "includes any information concerning the substance, purport, or meaning of that communication." *Id.* § 934.02(7).

Defendant argues that "the statute does not protect *non-communicative* information that merely accompanies a message." (Mot. at 8.) But Plaintiff alleges that the information Defendant obtained is very communicative. Plaintiff alleges that his clicks, movements, keystrokes, search terms, pages and content viewed, scroll movements, and copy and paste actions show what he did on Defendant's website, what he searched for, what he looked at, and the information he inputted. (FAC ¶ 35.) He further alleges that the information Defendant obtained "allowed Defendant to capture, observe, and divulge Plaintiff's personal interests, browsing history, queries, and habits as he interacted with and browsed Defendant's website." (*Id.* ¶ 43.) At this early stage, the Court concludes that Plaintiff has sufficiently alleged that Defendant intercepted the "contents" of Plaintiff's communications to Defendant.

### C.   "Use"

Finally, Defendant argues that Plaintiff's claim under the FSCA fails because Plaintiff does not plausibly allege "use" of the information. (Mot. at 10–11.) The FSCA prohibits the intentional use of the contents of an intercepted electronic communication. Fla. Stat. Ann. § 934.03(1)(d). Plaintiff alleges that the purpose of session replay is to "understand[ ] the habits and preferences of users to [Defendant's] website . . . for Defendant's own benefit," and "to learn of Plaintiff's and the Class members' personal preferences and likes, which would then be used to market Defendant's services and goods to Plaintiff and the Class members." (*Id.* ¶¶ 33, 60.) Plaintiff further alleges that "Defendant used or attempt to use the electronic communications it intercepted in order to market its services and goods to Plaintiff and the Class members." (FAC ¶ 82.)

Contrary to Defendant's assertion, these allegations sufficiently allege "use" under the statute.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**. Defendant shall file an answer to Plaintiff's FAC by June 8, 2021.

DATED: May 25, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE