**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
California Bar No. 330990
scott@edelsberglaw.com
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
*Counsel for Plaintiff and Proposed Class*

John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Ryan D. Ball (State Bar No. 321772)
rball@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ALHADEFF, on behalf of himself and all others similarly situated, | CASE NO.: 8:21-cv-00395-CJC-KES |
| | CLASS ACTION |
| Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all  disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2.    GOOD CAUSE STATEMENT

Good cause exists for entry of this Stipulated Protective Order because this action is likely to involve the exchange of confidential and proprietary information, including information relating to trade secrets, confidential research, marketing, cost, price, technical, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The protection of this information is vital to protecting the Parties' business competition interests and intellectual property interests.  Moreover, private information of third parties may also be disclosed.  The unrestricted or unprotected disclosure of such private business and/or financial information would result in prejudice or harm to the Producing Party and third parties by revealing their information which could result in the loss of business and/or a violation of federal and state privacy laws.

Accordingly, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to

keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.      DEFINITIONS**

3.1      <u>Action</u>: *Albert Alhadeff v. Experian Information Solutions, Inc. et al.*, No. 8:21-cv-00395-CJC-KES

3.2      <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

3.3      <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.4      <u>Counsel</u>: Outside Counsel of Record and In House Counsel (as well as their support staff).

3.5      <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7      <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action.

3.8  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  sensitive Confidential Information or Items that are so commercially sensitive that the disclosure to another Party or Non-Party, even under the restrictive terms applicable to Confidential Information, would create a substantial risk of harm that could not be avoided by less restrictive means.

3.9  In House Counsel:  attorneys who are employed by a party to this Action.

3.10  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.12  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or   medium) and their employees and subcontractors.

3.15  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

5.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    **DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection.

1    Each Party or Non-Party that designates information or items for protection

2    under this Order must take care to limit any such designation to specific material that

3    qualifies under the appropriate standards. To the extent it is practical to do so, the

4    Designating Party must designate for protection only those parts of material,

5    documents, items, or oral or written communications that qualify so that other

6    portions of the material, documents, items, or communications for which protection

7    is not warranted are not swept unjustifiably within the ambit of this Order.

8    Mass, indiscriminate, or routinized designations are prohibited. Designations

9    that are shown to be clearly unjustified or that have been made for an improper

10   purpose (e.g., to unnecessarily encumber the case development process or to impose

11   unnecessary expenses and burdens on other parties) may expose the Designating

12   Party to sanctions.

13   If it comes to a Designating Party's attention that information or items that it

14   designated for protection do not qualify for protection, that Designating Party must

15   promptly notify all other Parties that it is withdrawing the inapplicable designation.

16   6.2   _Manner and Timing of Designations_.  Except as otherwise provided in

17   this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise

18   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

19   under this Order must be clearly so designated before the material is disclosed or

20   produced.

21   Designation in conformity with this Order requires:

22   (a)   _for information in documentary form_ (e.g., paper or electronic

23   documents, but excluding transcripts of depositions or other pretrial or trial

24   proceedings), that the Producing Party affix at a minimum, the legend

25   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26   ONLY" to each page that contains Protected Material. If only a portion or portions

27   of the material on a page qualifies for protection, the Producing Party also must

28   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

1    margins).

2         A Party or Non-Party that makes original documents available for inspection
3    need not designate them for protection until after the inspecting Party has indicated
4    which documents it would like copied and produced. During the inspection and
5    before the designation, all of the material made available for inspection shall be
6    deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
7    inspecting Party has identified the documents it wants copied and produced, the
8    Producing Party must determine which documents, or portions thereof, qualify for
9    protection under this Order. Then, before producing the specified documents, the
10   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
12   contains Protected Material. If only a portion or portions of the material on a page
13   qualifies for protection, the Producing Party also must clearly identify the protected
14   portion(s) (e.g., by making appropriate markings in the margins) and must specify,
15   for each portion, the level of protection being asserted.

16        (b)    for testimony given in depositions that the Designating Party identify
17   the Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY
18   CONFIDENTIAL – ATTORNEYS' EYES ONLY," in whole or in part, either (i) on
19   the record during the deposition or (ii) within thirty (30) days after the deposition.  If
20   a Party intends to designate testimony as "CONFIDENTIAL" or "HIGHLY
21   CONFIDENTIAL – ATTORNEYS' EYES ONLY" following the deposition
22   pursuant to (ii), that Party shall state its intention on the record during the deposition.
23   If a Party states its intention to designate testimony as "CONFIDENTIAL" or
24   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" following the
25   deposition pursuant to (ii), then the entirety of the deposition transcript shall be
26   treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to permit
27   counsel to designate the deposition testimony, or portions thereof, as Protected
28   Material. If designation is made during the 30-day period after the deposition, all

1    Parties in possession of the transcript at the time of receiving the designation or

2    thereafter shall place the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

3    – ATTORNEYS' EYES ONLY," on the front cover of the transcript, on each or all

4    of the exhibits and/or pages so designated, and on each copy thereof upon notice that

5    the confidential designation has been made. In the event that a Party needs to file a

6    deposition transcript with the Court prior to the expiration of the thirty (30) day

7    period set forth above, that entire transcript shall be treated as if it had been

8    designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9            (c)      for information produced in some form other than documentary and for

10   any other tangible items, that the Producing Party affix in a prominent place on the

11   exterior of the container or containers in which the information is stored the legend

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY." If only a portion or portions of the information warrants protection, the

14   Producing Party, to the extent practicable, shall identify the protected portion(s).

15           6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent

16   failure to designate qualified information or items does not, standing alone, waive

17   the Designating Party's right to secure protection under this Order for such material.

18   Upon timely correction of a designation, the Receiving Party must make reasonable

19   efforts to assure that the material is treated in accordance with the provisions of this

20   Order.

21   **7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22           7.1     Timing of Challenges. Any Party or Non-Party may challenge a

23   designation of confidentiality at any time that is consistent with the Court's

24   Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality

25   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

26   economic burdens, or a significant disruption or delay of the litigation, a Party does

27   not waive its right to challenge a confidentiality designation by electing not to mount

28   a challenge promptly after the original designation is disclosed.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 8:21-cv-00395-CJC-KES

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

7.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, employees, and In House Counsel of the

1   Receiving Party to whom disclosure is reasonably necessary for this Action;

2          (c)     Experts (as defined in this Order) of the Receiving Party to whom

3   disclosure is reasonably necessary for this Action and who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5          (d)     the court and its personnel;

6          (e)     court reporters and their staff; professional jury or trial consultants,

7   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

8   for this Action and who have signed the "Acknowledgment and Agreement to Be

9   Bound" (Exhibit A);

10         (f)     the author or recipient of a document containing the information or a

11  custodian or other person who otherwise possessed or knew the information;

12         (g)     during their depositions, witnesses in the action to whom disclosure is

13  reasonably necessary, unless otherwise agreed by the Designating Party or ordered

14  by the Court.

15         (h)     any mediator or settlement officer, and their supporting personnel,

16  mutually agreed upon by any of the Parties engaged in settlement discussions.

17         8.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18  ONLY" Information or Items. Unless otherwise ordered by the Court or permitted

19   in writing by the Designating Party, a Receiving Party may disclose any Protected

20  Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  only to:

22         (a)     the Receiving Party's Outside Counsel of Record in this Action, as well

23  as employees of said Outside Counsel of Record to whom it is reasonably necessary

24  to disclose the information for this Action;

25         (b)     In House Counsel of the Receiving Party to whom it is reasonably

26  necessary to disclose the information for this Action;

27         (c)     Experts of the Receiving Party to whom it is reasonably necessary to

28  disclose the information for this Action and who have signed the "Acknowledgment

1    and Agreement to Be Bound" (Exhibit A).  The right of any Expert, including support

2    staff employed by such expert, to receive confidential information designated

3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be subject to the

4    advance approval of such expert by the Producing Party or by permission of the

5    Court. The Party seeking approval of an Expert to access such confidential

6    information must provide the Producing Party with the name and curriculum vitae of

7    the Expert. Any objection by the Producing Party to an Expert receiving confidential

8    information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9    ONLY" must be made in writing within seven (7) days following receipt of the

10   identification of the Expert to whom access is proposed. "HIGHLY

11   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to

12   an Expert if the seven (7) day period has passed and no objection has been made. The

13   approval of Experts access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY" information must not be unreasonably withheld;

15          (d)     the Court and its personnel;

16          (e)     court reporters and their staff, professional jury or trial consultants,

17   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

18   for this litigation and who have signed the "Acknowledgment and Agreement to Be

19   Bound" (Exhibit A);

20          (f)     the author or recipient of a document containing the information or a

21   custodian or other person who otherwise possessed or knew the information; and

22          (g)     during their depositions, witnesses in the action to whom disclosure is

23   reasonably necessary, unless otherwise agreed by the Designating Party or ordered

24   by the Court.

25          (h)     any mediator or settlement officer, and their supporting personnel,

26   mutually agreed upon by any of the Parties engaged in settlement discussions.

27          Notwithstanding the foregoing, the parties recognize that it may be desirable

28   to permit certain summary financial or other information derived from Discovery

1   Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY" to be considered by the Receiving Party for purposes of mediation and/or

3   settlement negotiations. Accordingly, should Counsel for the Receiving Party believe

4   that it would be beneficial to review certain "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY" Discovery Material with a person identified in

6   Section 8.2(b), Counsel may request permission from Counsel for the Designating

7   Party by disclosing, in writing, the particular document or information sought to be

8   disclosed and the person(s) identified in Section 8.2(b) to whom the information is

9   to be disclosed.  Counsel for the Designating Party shall not unreasonably withhold

10  such permission. Upon receipt of written authorization of Counsel for the

11  Designating Party, but not otherwise, Counsel for the Receiving Party may review

12  the identified Discovery Material with the identified person(s).

13          Any Discovery Material authorized to be disclosed to person(s) identified in

14  Section 8.2(b) pursuant to this Section shall remain designated "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order and

16  all of the remaining provisions of this Protective Order shall remain applicable to

17  them.

18          8.4     Counseling.  This order does not bar an attorney, in rendering advice to

19  the attorney's client with respect to this action, from conveying in a general way to a

20  client representative the attorney's evaluation of "CONFIDENTIAL" and/or

21  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information,

22  including potential damages information, that such client representative is prohibited

23  from receiving.

24  **9.     PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED**

25  **PRODUCED IN OTHER LITIGATION**

26          If a Party is served with a subpoena or a court order issued in other litigation

27  that compels disclosure of any information or items designated in this Action as

28  "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or  persons to execute the "Acknowledgment   and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.   <u>INADVERTENT      PRODUCTION      OF      PRIVILEGED      OR</u>**

**OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return

all Protected Material to the Producing Party or destroy such material, at the Receiving Party's option. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated:  September 23, 2021            EDELSBERG LAW, PA

4

5                                         By: */s/ Scott Edelsberg*
                                              Scott Edelsberg

6                                         Attorneys for Plaintiff
                                          ALBERT ALHADEFF
7

8

9    Dated:  September 23, 2021            JONES DAY

10

11                                        By:  */s/ Ryan D. Ball*
                                               Ryan D. Ball

12                                        Attorneys for Defendant
13                                        EXPERIAN INFORMATION
                                          SOLUTIONS, INC.
14

15

16   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

17

18

19   DATED: September 23, 2021

20

21   *Karen E. Scott*

22   Honorable Karen E. Scott
     United States Magistrate Judge
23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Albert Alhadeff v. Experian Information Solutions, Inc. et al.*, No. 8:21-cv-00395-CJC-KES.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SIGNATURE CERTIFICATION

I, Ryan D. Ball, hereby attest pursuant to Civil Local Rule 5-4.3.4 that all other signatories listed, and on whose behalf this filing is submitted, concur in the contents of this filing and have authorized the filing.

Executed September 23, 2021, at Irvine, California.


/s/ Ryan D. Ball
Ryan D. Ball